LEWIS B. DOUGHERTY, Respondent, *v.* MARY MACKENZIE, ADM'R OF KENNETH MACKENZIE, Appellant.

*Note—Endorser—Securities.*—That the endorser of a negotiable note, for whose accommodation the note was made, had placed securities in the hands of the maker to meet the liability, is no defence, even in equity, to a suit by the holder against the endorser, after his liability has been fixed by demand and notice.

*Appeal from St. Louis Circuit Court.*

*H. Hitchcock,* for respondent.

*G. Marshall, Sharp,* and *Broadhead,* for appellant.

BATES, Judge, delivered the opinion of the court.

Mackenzie and Steuart were indebted to the plaintiff in a joint note given for money lent by the plaintiff to Mackenzie. Steuart being also bound as a security or accommodation endorser for Mackenzie in certain large sums of money, Mackenzie conveyed absolutely to Steuart several tracts of land, in consideration for which Steuart assumed to pay the debts for which he was so bound; and it is contended by the defendant (though the evidence does not show it) that the debt to the plaintiff was one of the debts assumed by Steuart.

Steuart also gave to Mackenzie an obligation, in considera-

tion of their personal friendship, that he would, from the proceeds of the sales of the land conveyed to him, pay to Mackenzie the surplus remaining after the payment of his obligations for Mackenzie.

After this arrangement was made, the joint note to the plaintiff became due, and was renewed at the request of Steuart and Mackenzie, and by their request the form of the note was changed, so that the new note was made by Steuart, payable to the order of Mackenzie, and endorsed by him.

At the time of the renewal, the plaintiff's agent had knowledge of the arrangement between Mackenzie and Steuart.

The new note was not paid at maturity, was protested, and notice given to Mackenzie. Mackenzie died, and the note was exhibited for allowance against his estate ; it was allowed by the Probate Court from that judgment; an appeal was taken to the Circuit Court, where it was again allowed, and the case is now brought here by appeal.

No points of law were stated in the court below, and in this court the appellant insists that the facts above recited show an equitable defence, in that it shows a special fund in the hands of Steuart applicable to the payment of the plaintiff's claim, which fund should be exhausted before he is entitled to an allowance against Mackenzie's estate.

Granting the facts to be as assumed by the appellant, they show no defence to the suit. The arrangement between Mackenzie and Steuart did not in any way bind or affect the plaintiff; his rights were neither enlarged nor impaired by it ; it gave him no lien upon the land conveyed by Mackenzie to Steuart or right to proceed specially against it ; it did not, as to the plaintiff, enlarge Steuart's liability to him, or diminish Mackenzie's. Steuart is not a party to this suit, and no opinion is given in reference to the relations between him and the estate of Mackenzie.

Judgment affirmed ; Judges Bay and Dryden concurring.